UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF FLORIDA

TANGELA BOSTON-DATIS,

    Plaintiff,

vs.

GREGORY TONY in his official capacity as
SHERIFF OF BROWARD COUNTY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TANGELA BOSTON-DATIS ("BOSTON-DATIS"), sues Defendant, GREGORY TONY, in his official capacity as SHERIFF OF BROWARD COUNTY ("BSO"), and states:

### JURISDICTION AND PARTIES

1. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq and the Americans with Disabilities Act of 1990.

2. This claim arose in Broward County and thus venue is appropriate in this Court.

3. Plaintiff, TANGELA BOSTON-DATIS, is a qualified individual with a disability and/or perceived as disabled and at all times material hereto was employed by the Defendant, BSO, as a Communications Operator until her constructive termination on Or about October 15, 2020.

4. Defendant, BSO, is a political subdivision of the State of Florida, and within the jurisdiction of this Court.

5. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7. Plaintiff has exhausted any and all available administrative remedies or doing so would be futile. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff's Determination and Notice of Rights were issued on March 8, 2022, a copy of which is attached hereto as Exhibit "A".

## FACTS COMMON TO ALL COUNTS

8. At the onset of the pandemic, Plaintiff was working in administration in the Quality Improvement Unit. Plaintiff and her coworkers were provided laptops and instructed to work remotely from home due to the pandemic. One day later, Plaintiff and her coworkers were instructed to return to work at their Public Safety Answering Points, but to notify Defendant of any concerns. Plaintiff had concerns regarding her disability as a result of the pandemic and shared these with Defendant.

9. As a result of Plaintiff's concerns, Defendant instructed her to submit a doctor's note. It was at this time that Plaintiff submitted her first request for an accommodation (due to her disability), to work from home, with a doctor's note, to Defendant. This request was granted. A second request for accommodation was made in May 2020.

10. Subsequently, Plaintiff was advised that her productivity was lowest in her unit despite the fact that she had been on approved medical leave during the relevant time period.

11. Thereafter, Plaintiff was advised by Defendant that approval of her requested accommodation was being rescinded. Further, Defendant advised Plaintiff that she needed to take a medical leave of absence since an accommodation would not be made and was constructively discharged on or about October 15, 2020. No valid reason was given for Plaintiff's constructive discharge.

12. Other similarly situated employees who were not disabled, perceived as disabled or who had not requested accommodations were not treated in the same discriminatory manner as Plaintiff.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### Disability Discrimination

13. Plaintiff repeats and realleges paragraphs 1 through 12 as if stated herein in full.

14. On or about October 15, 2020, Plaintiff was constructively terminated from her position of Communications Operator with the Defendant. Further, her accommodation request was denied. At the time of her constructive termination, no reasonable basis for her constructive termination was provided nor does one exist. Plaintiff denies that there is any validity to the allegations of low productivity

15. Other employees of Defendant, who are not disabled, or who have not requested an accommodation have not been accused of low productivity and have not been

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

terminated.

16. As a result, Plaintiff has been subjected to discrimination on the basis of her disability, in violation of the Americans with Disabilities Act.

17. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b. enjoining and permanently restraining these violations of the Americans with Disabilities Act;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act;

f. trial by jury; and

g.  such other relief as the court deems proper.

## COUNT II -VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### Perceived Disability Discrimination

18.  Plaintiff repeats and realleges paragraphs 1 through 12 as if stated herein in full.

19.  On or about October 15, 2020, Plaintiff was constructively terminated from her position of Communications Operator with the Defendant. Further, her accommodation request was denied. At the time of her constructive termination, no reasonable basis for her constructive termination was provided nor does one exist. Plaintiff denies that there is any validity to the allegations of low productivity

20.  Other employees of Defendant, who are not perceived as disabled, or who have not requested an accommodation have not been accused of low productivity and have not been terminated.

21.  As a result, Plaintiff has been subjected to discrimination on the basis of her perceived disability, in violation of the Americans with Disabilities Act.

22.  As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

  a. a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

  b. enjoining and permanently restraining these violations of Americans with Disabilities Act;

  c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

  d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

  e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act;

  f. trial by jury; and

  g. such other relief as the court deems proper.

## COUNT III - RETALIATION

23. Plaintiff repeats and realleges paragraphs 1 through 12 as if stated herein in full.

24. By virtue of requesting an accommodation in March 2020 and her subsequent requests, Plaintiff was engaged in protected activity.

25. Defendant's actions in asserting that Plaintiff's productivity was below par, instructing her to take a leave of absence, rescinding approval of her accommodation and constructively terminating her employment constitute retaliation after Plaintiff engaged in

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

protected activity.

26.   22.   As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.   a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act and Title VII;

b.   enjoining and permanently restraining these violations of Americans with Disabilities Act;

c.   directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.   compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.   awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act and Title VII;

f.   trial by jury; and

g.   such other relief as the court deems proper.

Teri Guttman Valdes LLC • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone: (305) 740-9600 • Fax: (305) 740-9202

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, TANGELA BOSTON-DATIS, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600

By: _____
Teri Guttman Valdes
Florida Bar No. 0010741